## ·HENRY ARMSTRONG

·*v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

1. EVIDENCE—INSTRUCTIONS. An instruction in a criminal proceeding, which assumes that an intent may be *conclusively* presumed, from the existence of another fact, to be felonious, and, at the same time, that the intent may be shown to be innocent, is erroneous, being inconsistent and contradictory, and calculated to mislead the jury.

2. An intent which can be justified or excused can not be felonious; nor can one fact be *conclusive* proof of the existence of another fact, and at the same time, such other fact be susceptible of disproof.

WRIT OF ERROR to the Circuit Court of Clay county; the Hon. A. SHAW, Judge, presiding.

The case is sufficiently stated in the opinion of the court.

Mr. T. B. TANNER, for the plaintiff in error.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an indictment for an assault with intent to murder and for an assault with a, deadly weapon with intent to do bodily injury. The defendant was found guilty. On the trial the court, on motion of the people, gave the jury the following iustructions:

"The court instructs the jury that if the instrument used be a deadly weapon, the use of it is conclusively presumed to be from a felonious and malicious intent, and the defendant must excuse the intent by proof, or he will be held guilty." This instruction is inconsistent and contradictory, and might easily lead a jury astray. To assert that the use of a deadly weapon is *conclusively* presumed to be from a felonious and malicious intent, and that such intent must be excused by proof, is a plain contradiction in terms. One fact can not be *conclusive*

proof of the existence of another fact, and at the same time leave the existence of such other fact liable to disproof. The jury may well have asked themselves which clause of this instruction they were to follow.

The instruction is liable to another objection. The jury are told that the defendant must excuse the felonious and malicious intent by proof. To do this would be impossible, since, if the intent with which a deadly weapon has been used can be justified or excused, the intent was not felonious. But an intent which is *conclusively* presumed, from the proof of another fact, to be felonious, can not be shown to be innocent. The instruction assumes that an intent may be, at the same time, both felonious and innocent, which is impossible. Judgment reversed and the cause remanded.

*Judgment reversed.*